## D. S. Atherton v. The Commissioners of Highways.

1. COMMISSIONER OF HIGHWAYS—*Immaterial Defects in Order Denying Petition to Vacate Road.*— Where an order of the commissioners of highways denying a petition to vacate a road is defective in some particulars, but the notice of the meeting as appears in the record, together with the proof of posting it, shows the law to have been properly complied with in these respects, the error is not reversible.

**Writ of Certiorari.**— Trial in the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Finding for defendants; error of petitioners. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

I. R. BROWN, attorney for plaintiff in error.

M. P. RICE, attorney for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a common law writ of certiorari against the defendants in error to quash the record by which a road was vacated. The court on the trial dismissed the petition and refused to quash the record, to reverse which judgment this writ of error is prosecuted.

. In the first instance a petition signed by sixteen land owners, residing in the town within two miles of the road, was filed December 1, 1896, in the office of the town clerk, asking the road in controversy to be vacated by the commissioners of highways. On the same day the commissioners met, received the petition and directed notices to be posted of the time and place of the meeting to examine the route of such road and hear reasons for or against vacating the same. Notices of the time and place of this meeting were posted more than ten days by posting in five of the most public places in the town in the vicinity of the road proposed to be vacated. The commissioners of highways met in pursuance of the notice, decided not to vacate the road, made public announcement of their decision, and on the same day, December 12, 1896, filed their order with the town clerk denying the prayer of the petition. From the order of December 12, 1896, an appeal was taken to three supervisors on December 15, 1896, and perfected. Afterward, December 17, 1896, two of the commissioners of highways filed another order with the town clerk of the same nature as the one filed December 12, 1896. By their final order on appeal the supervisors reversed the order of the commissioners of highways, and vacated the road according to the prayer of the petition.

It is insisted in support of the argument by which the judgment of the court is sought to be reversed, that the order of the commissioners of highways, filed December 12, 1896, does not sufficiently recite notice of the time and place, when and where they would meet to examine the route of such road and hear reasons for or against

Atherton v. Commissioners of Highways.

vacating the same, nor of the posting of such notices as required by the statute, and for such reasons the commissioners of highways acquired no jurisdiction, and their order being void, no appeal would lie therefrom to the supervisors. There is, in our opinion, no merit in this point. While the order may be defective in the particulars specified, the notice itself is shown in the record, together with the proof of posting thereof, and from that it appears the law had been properly fulfilled in those respects. It is also contended that the appeal to the supervisors, having been taken and perfected before the order of December 17, 1896, was filed with the town clerk, was premature and of no effect. This point, we think, is without force or merit. The order from which the appeal was taken and perfected was that of December 12, 1896, and that order having all the force and effect that the statute could give it, it having been made in compliance with law, could not in any manner be changed or affected by the subsequent order filed by two of the commissioners. There was no necessity or legal requirement for the second order, and it therefore could not and did not have any effect whatever.

Finding no error in the record and proceedings of the Circuit Court its judgment will be affirmed.